UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON J. PARKER,

    Plaintiff,

v.                                        CASE No. 8:08-CV-820-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

The plaintiff, who was twenty-eight years old at the time of the administrative hearing and who has the equivalent of a high school education

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 19).

(Tr. 78, 352), has worked as a stock clerk, fast food worker, and a deli worker (Tr. 73, 353-56, 367). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to hydrocephalus (Tr. 72).[2] The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had the following severe impairments: status-post old congenital hydrocephalus with right ventriculo-peritoneal shunt placement with residual headaches on occasion; right optic nerve damage with severe loss of vision in the right eye; amnestic disorder with short-term memory problems and low average working memory; and a mental impairment resulting in a moderate restriction in activities of daily living; mild difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence or pace (Tr. 16-17). Due to these impairments, the law judge concluded that the plaintiff was limited to performing light work involving simple, routine, repetitive instructions and requiring only simple judgment

---

[2]Hydrocephalus is excessive accumulation of fluid on the brain. See Doc. 28, p. 2a n. 1.

and simple changes in work settings (Tr. 18). Additionally, the law judge determined that the plaintiff could not perform jobs requiring accurate binocular vision (id.). Based upon the testimony of a vocational expert, the law judge found that the plaintiff could return to past relevant work as a fast food or deli worker (Tr. 19, 367-68).[3] Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 20). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 4-6).

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological

---

[3]Although not stated in the decision, the vocational expert also opined that. based on the plaintiff's residual functional capacity, the plaintiff could perform other work that exists in the national economy, such as cafeteria attendant or gate guard (Tr. 368).

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

After the plaintiff was born, he was diagnosed with hydrocephalus, which required surgery for the placement of a shunt, and subsequent hospitalizations for shunt obstructions. The plaintiff contends that this condition causes disabling headaches and memory loss (Tr. 72). The law judge, however, found that the plaintiff's severe impairments would not preclude him from performing a limited range of light work (Tr. 18).

The plaintiff challenges the law judge's decision solely on the ground that the law judge's credibility determination is erroneous (Doc. 27,

p. 6). Notably, the scheduling Order in this case required the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 18, p. 2). Consequently, since the only challenge is to the credibility determination, any other challenge is deemed abandoned.

Moreover, the scheduling Order also directs that each discrete challenge "must be supported by citations to the record of the pertinent facts" (id.). Significantly, the plaintiff's challenge to the law judge's determination is not based upon any medical evidence, since there is no citation to any item in the medical record. Rather, he bases his attack upon his own testimony and a questionnaire completed by a parent.

The plaintiff argues that the law judge failed to give sufficient reasons for discounting his testimony (Doc. 27, pp. 6-11). Specifically, the plaintiff contends that the law judge failed to give an adequate explanation for rejecting his complaints of disabling headaches. The plaintiff's contention is unpersuasive.

In the first place, it does not even appear that the law judge significantly discounted the plaintiff's testimony regarding headaches. The plaintiff testified at the administrative hearing that his condition causes

-6-

headaches (Tr. 353, 358). However, the plaintiff, despite being represented by counsel, did not testify to the frequency of the headaches. The law judge found that the plaintiff has a severe impairment of "status-post old congenital hydrocephalus with right ventriculo-peritoneal shunt placement with residual headaches on occasion" (Tr. 16). There is nothing inconsistent between this finding and the plaintiff's testimony. Moreover, the finding is supported by the occasional reports of headaches in the record, and the plaintiff has made no attempt to point to medical evidence showing that his headaches occur more frequently.

Furthermore, a primary reason the plaintiff gave for being unable to work is that headaches are caused by being required to lift more than twenty pounds (Tr. 357). The law judge took this circumstance into consideration by limiting the plaintiff to light work, which does not require the plaintiff to lift more than twenty pounds (Tr. 19).

In view of this accommodating limitation, there does not seem to be any inconsistency between the plaintiff's testimony and the law judge's finding that the plaintiff has occasional headaches. However, even if the plaintiff has testified to greater problems with headaches, the law judge has reasonably, and adequately, discounted that testimony.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

In this case, the law judge referred to Landry, as well as the pertinent regulations and Social Security Rulings governing the assessment of subjective complaints (Tr. 18). This demonstrates that he applied the Eleventh Circuit's standard for evaluating pain and other subjective complaints. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Furthermore, the law judge's analysis complied with that standard in that he

provided explicit and adequate reasons for his determination. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Notably, the law judge did not completely reject the plaintiff's subjective complaints. Rather, he found that the plaintiff's impairments substantially limited the plaintiff to a range of light work. The law judge only rejected the allegations that the plaintiff was totally incapacitated. Thus, the law judge, after setting forth factors that, under the regulations, are to be considered in making a credibility determination of subjective complaints, stated that, "[a]fter considering the evidence of record, the undersigned Judge finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible" (Tr. 19).

Furthermore, the law judge gave a detailed explanation for his credibility determination. Thus, the law judge stated (id.):

> First, no treating or examining source doctor has indicated that the claimant would be unable to work. Such an opinion would also be inconsistent with the medical evidence of record, especially in light of the fact that the claimant's complaints of headaches to treating or examining sources are few and far between, and especially in light of the fact that there has been no further evidence of

ventricular enlargement, and CT scans have remained stable (Exhibits 9F, 13F, and 19F).

Mental health records confirm severe mental health impairments, however, the undersigned also points out that the claimant drives, plays video games, and gets along well with others. While there can be no doubt that the claimant has some residual deficits with his hydrocephalus and shunt, this non-medical evidence belies completely disabling abilities in concentration, persistence, or pace. The claimant also said that his headaches only arose when lifting more than 20 pounds, which has been taken into account in the residual functional capacity noted above.

This explanation provides an adequate basis for discounting the plaintiff's credibility. Further, the plaintiff has not even attempted to show that substantial evidence does not support this determination. See Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005)(court is precluded from reweighing the evidence or substituting the court's judgment for that of the Commissioner even if the evidence preponderates against the decision).[4]

---

[4]The law judge's findings are supported by, among other things, the opinions of the reviewing physicians. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.) (where, as here, there are no contrary opinions from a treating or examining physician, the law judge can reasonably rely upon the assessment of a reviewing physician). Thus, under the circumstances of this case, the Physical and Mental Residual Functional Capacity Assessments by reviewing physicians and psychologists provide substantial evidence that the plaintiff can perform the limited range of light work stated by the law judge. See Tr. 189-201, 229-39, 276-78, 294-301.

Instead, the plaintiff asserts that his infrequent complaints of headaches to physicians is not inconsistent with disabling headache pain because "it may be that [his] financial situation ... precludes frequent interaction with medical sources (there are statements that [he] is dependent upon his parents for sustenance-e.g., T. 83) and/or it may be that [he] feels that frequent complaints to doctors regarding headaches are an exercise in futility" (Doc. 27, p. 8). The plaintiff fails to support these speculative assertions with pertinent record evidence, contrary to the scheduling Order. Moreover, the record contradicts the assertions since it demonstrates that, when, on occasion during the pertinent period, the plaintiff is suffering from a headache, he will seek treatment from an emergency room, a hospital, or a health care provider (Tr. 211, 213, 248, 302, 304, 313, 314, 315).[5]

In a related contention, the plaintiff argues that he is excused from noncompliance with a treatment program "when [he] cannot afford the prescribed treatment and can find no way to obtain it"(Doc. 27, p. 8). This

---

[5]The plaintiff also makes the conclusory argument that "[f]urther inquiry regarding the Plaintiff's consultation with medical sources, or lack thereof, should have been undertaken" (Doc. 27, p. 9). However, the record as a whole is neither incomplete nor inadequate. Rather, the record was sufficient for the law judge to evaluate the plaintiff's impairments and functional ability, and it does not show the kind of gaps in the evidence necessary to demonstrate prejudice. See Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997).

argument is inapposite because the law judge did not find that the plaintiff was not disabled due to lack of compliance with a treatment program. To the contrary, as the law judge noted (Tr. 19), the plaintiff was not undergoing any treatment at the time of the administrative hearing.

Finally, the plaintiff argues that the law judge failed to assess "the credibility of the Plaintiff's parent's testimony" (Doc. 27, p. 11). The plaintiff's parent did not testify at the administrative hearing. Rather, the plaintiff's mother completed a form that alleges, among other things, that the plaintiff has trouble following directions and forgets to finish tasks (Tr. 90-93).[6] Notably, the form does not comment on the plaintiff's complaints of headaches.

Contrary to the plaintiff's characterization, the answers on the form cannot reasonably be considered "testimony" (see Doc. 27, p. 11). The answers were not made under oath, and the form was not even signed (Tr. 93). The law judge had no opportunity to inquire of the purported witness. Further, he could not assess the mother's demeanor in answering questions.

---

[6]The questionnaire is unsigned. It was completed by a parent (Tr. 90). References to the father in the questionnaire suggest that the questionnaire was completed by the mother (id.).

Since the mother's statement was not testimony, there is no basis for concluding that the principles regarding credibility determinations apply to that statement. The plaintiff has certainly not cited any authority indicating that the requirements for explaining credibility determinations apply to the mother's unsigned, and unsworn, statement. The governing principle for that statement seemingly is that the law judge need not refer in his decision to every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

In fact, however, the law judge summarized the parent's report of functional limitations, stating that the mother had alleged the plaintiff "has significant limitations with regard to activities of daily living, social functioning, and concentration, persistence or pace (Exhibit 6E)," thus indicating that the law judge did not overlook the mother's statement (Tr. 18). Moreover, the mother's statement was essentially cumulative of the plaintiff's allegations of deficiencies in memory and concentration which, as explained above, were partially credited by the law judge. These allegations were not inconsistent with the law judge's findings, since the law judge, upon consideration of two psychological examinations (Tr. 17-18), found that the plaintiff has an amnestic disorder with short-term memory problems and low

average working memory (Tr. 16). Accordingly, due to memory deficiencies, the law judge limited the plaintiff to work involving simple, routine, repetitive instructions, and requiring only simple judgment and simple changes in work settings (Tr. 18). Especially in light of the two psychological evaluations (Tr. 184, 221), the plaintiff's testimony and the mother's statement (even if it is considered testimony) do not support a conclusion that the plaintiff has greater mental limitations. In all events, the evidence certainly does not compel such a conclusion. Therefore, any error in failing to state the weight given to the mother's statement would be harmless.

This determination is confirmed by the fact that the law judge found that the plaintiff could return to prior work. The plaintiff's memory problems did not prevent him from performing that work previously. Because the plaintiff's condition is a life-long problem and there is no evidence that his memory has deteriorated since he worked at those jobs, he logically would be able to return to those jobs.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ___ day of August, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE